UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLEVEN JOSEPH MOORER,
    Plaintiff,

vs.                                        Case No.: 3:21cv84/TKW/EMT

ROGER VINSON, Senior Judge,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a Massachusetts resident proceeding pro se, initiated this *Bivens* action by filing a complaint pursuant to 28 U.S.C. § 1331 (ECF No. 1).[1] He subsequently filed an amended complaint (ECF No. 4). The undersigned is well-experienced in interpreting pleadings filed by pro se litigants and recognizes that certain niceties of such pleadings may not be the same as in those crafted by lawyers. Nevertheless, Plaintiff's amended complaint can be characterized only as nonsensical. The undersigned finds Plaintiff has wholly failed to state a claim upon which relief can be granted and that the deficiencies in Plaintiff's complaint cannot

---

[1] In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court held that injured plaintiffs can bring an action for damages against federal officers for violations of their constitutional rights.

Case No.: 3:21cv84/TKW/EMT

be cured by further amendment. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend") (internal marks omitted). The undersigned thus recommends that the case be dismissed as frivolous.

As the sole Defendant, Plaintiff names Senior United States District Judge Roger Vinson. Plaintiff claims Judge Vinson "must have fallen short of reality on [him]" and suggests Judge Vison somehow has withheld money he "won" (ECF No. 4 at 4–5). Plaintiff also references a "suicide mission" and indicates that "all the other nuns" may join as plaintiffs (*id.* at 4). Plaintiff says his "right to privacy was disrespected by the court," causing "paings" and "heartships" and "about 24 years of desasters short and long, small and large" (*id.* at 5 (misspellings in original)). As relief, Plaintiff "want[s] the court to pass [him his] money, and whatever else [he] won" (*id.*). Plaintiff appears to seek additional relief as well, including what appears to be his "own 7 or 8 economys of money," but the undersigned is unable to decipher all of that section of the complaint form (*id.*).

Case No.: 3:21cv84/TKW/EMT

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" *Id.* "The Supreme Court has explained that a claim for relief must contain sufficient factual allegations to cross 'the line between possibility and plausibility.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557(2007)). "That is, although the district court is bound to 'accept as true all of the allegations contained in a complaint,' this is limited by the rule that 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

"Related to this is the rule that a district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Id.* (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims sua sponte). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*,

Case No.: 3:21cv84/TKW/EMT

984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (internal marks omitted).  In this instance, it is clear Plaintiff has failed to plead anything close to approaching an actionable claim.

A review of the court's electronic docketing system shows that at the time Plaintiff initiated this action, Plaintiff had filed three prior lawsuits in the Northern District of Florida.  Judge Vinson presided over one of those lawsuits—*Moorer v. Apfel*, Case No. 3:98cv222 (filed June 10, 1998, and dismissed May 26, 1999), referenced in Plaintiff's initial complaint.[2]  No judgment, monetary or otherwise, was entered in favor of Plaintiff in that case.  To the contrary, the case was dismissed on Defendant's motion.  Even if Plaintiff had received a monetary judgment in his favor, Plaintiff has wholly failed to plead facts upon which Judge Vinson even arguably could be held liable.[3]

---

[2] The plaintiff in Case No. 3:98cv222 is identified as "Cleveland" Moorer, but nevertheless appears to be the same as Plaintiff "Cleven" Moorer in this case—for a number or reasons, including that in Case No. 3:98cv222, the plaintiff's address of record is in Salem, Massachusetts (*see* ECF No. 83 in that case), as it is in this case.

[3] Although the Supreme Court allowed for damages claims against federal officers in *Bivens*, "the Supreme Court has since stated that the expansion of *Bivens* beyond the three specific contexts it has recognized is disfavored." *Johnson*, 781 F. App'x at 836.  "*Bivens* has been applied to a Fourth Amendment case involving a search and seizure, a Fifth Amendment gender discrimination case, and an Eighth Amendment case involving cruel and unusual punishment."  *Id.*  "Only in these

Moreover, Judge Vinson is entitled to absolute immunity from this suit. As the Eleventh Circuit has recognized, "[a] federal judge enjoys absolute immunity from a suit seeking damages arising from the judge's actions in his judicial capacity." *Kinsey v. Watkins*, 460 F. App'x 877, 878 (11th Cir. 2012). Because Plaintiff seeks damages arising from Judge Vinson's alleged actions in his judicial capacity, Judge Vinson is absolutely immune from Plaintiff's suit.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, the deficiencies in Plaintiff's complaint cannot be cured by amendment. The undersigned thus finds this action should be dismissed without prejudice as frivolous. *See, e.g., Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to sua sponte dismiss frivolous lawsuits without giving notice to the parties.").

---

three contexts did the Supreme Court approve an implied damages remedy under the Constitution itself." *Id.* "When a party seeks to assert an implied cause of action under the Constitution itself, just as when a party seeks to assert an implied cause of action under a federal statute, it is usually Congress who should decide whether to provide for a damages remedy, not the courts." *Id.*

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED** without prejudice as frivolous.

2. That all pending motions be **DENIED** as moot.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 3rd day of February 2021.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**